————o————

JAS. H. LAY, Adm'r of JOHN H. LEACH, Appellant, *vs.* THE MECHANICS' BANK, Respondent.

1. *Administrator—Suit against creditor by—Counter-claim may be set up although not filed in the Probate Court within three years.*—An administrator sued a bank for money deposited by his testator, and certain dividends accruing after his death, on stock owned by him. The bank claimed by way of offset money paid the testator in discount of his paper. *Held,* that the bank was not barred from setting up that defence, by reason of its failure to present the claim for allowance in the Probate Court within three years after the grant of letters. The special statute of limitations touching administrators (Wagn. Stat., 102, § 6) contemplates cases where the creditor in the first instance brings his claim against the estate, and has no application to suits by the administrator against the creditor where the demand of the latter is set up as a counter-claim. In such suit the only statute which can be pleaded against the counter-claim under the law (Wagn. Stat., 1274, § 3), is the general statute of limitation. (See Stiles v. Smith, 55 Mo., 363.)

*Appeal from Benton County Circuit Court.*

*Cline, Jamison & Day, and A. C. Barry,* for Appellant.

I. Plaintiff sues on a demand accruing since the death of his intestate. The notes, according to the answer, were all due before his death. In such case it is well settled that the latter cannot be set off against the former. (Chit. Contr., 849; 2 Will. Ex's, 1700; Woodward vs. Thornton, 8 Mo., 161; White vs. Henly, 54 Mo., 592.)

*Lay & Belch, and James H. Lay,* for Respondent.

I. The affidavit required by the claimant in making proof, must state that claimant has given the estate credit for all payments and off-sets to which it is entitled, and the claimant can only be allowed the balance after making such deductions. (Wagn. Stat., 103, §§ 12, 13.) Suppose that A. owes B. on a note for $1,000, and B. owes A. the same amount on an open account, and A. dies. B. can make no claim against the estate of A. for the reason that the estate owes him nothing; his claim is liquidated by the demand for the same amount. This requirement plainly means that where the off-sets balance the demand, the one shall liquidate the other. It certainly does not authorize the administrator—when the accounts so balance and presentation of the demand would show no indebtedness from the estate— to wait till the demand against the estate would be barred by time, and then sue the creditor, without the right on his part to set up the off-set. The statute relating to set-off (Wagn. Stat., 1274, § 3) clearly authorizes such defense, even though the special limitation law has interfered.

NAPTON, Judge, delivered the opinion of the court.

This suit was commenced in 1870. The petition alleged that Leach died in June, 1861, and that in April, 1863, letters of administration were taken out by his widow, Rachel Leach, and that her marriage in 1869 revoked these letters, and that in 1870, letters *de bonis non* were granted to plaintiff, Lay.

It is alleged then, that Leach owned 31 shares of stock in the Mechanics' Bank; that since his death dividends have accrued and been declared on this stock amounting to $2,000; and judgment is asked for this. It is further averred, in what may be termed a second count, that Leach deposited in the bank $900; that since his death a demand was made for this, which was refused; and a judgment is asked also for this sum.

The answer admits all the facts stated—except that it alleges the dividends to have been only $1,472.50 instead of $2,000—but sets up as a defense that Leach owed the bank $8,000 on paper discounted for him, and that under their charter and by-laws they had a lien on his stock and dividends, and after allowing his claims he was still in their debt $6,300.

In the replication it is set up that all these claims of the bank were never presented to the Probate Court, never allowed and that they were all barred by the statute, which requires claims to be presented within three years.

On the trial there was evidence about the by-law referred to, and the notes of Leach were all produced and proved. But the instruction given and refused will show the points of law decided. All the instructions asked by plaintiff were refused. They are these:

"1st. After the lapse of three years from the granting of letters of administration and the publication thereof, all claims against an estate, not presented to the proper court for allowance are forever barred."

"2d. If the several promissory notes read in evidence by defendant were never presented for allowance, nor probated by any court against the estate of Leach, and more than three years had elapsed since the grant of letters of administration on said estate, and more than three years had intervened between the granting of such letters and the institution of this suit, then said notes and any and all claims evidenced or purporting to be evidenced by them, are forever barred, and said notes cannot be read in evidence to defend the claim of plaintiff," etc.

" 3d. If it appears that dividends to the amount of $1,472.50 had accrued and been declared on the stock of Leach before the institution of this suit, the bank had no right to appropriate any portion of such dividends to its own use."

" 4th. Even though such right did exist, as to subsisting debts, yet no such right of appropriation exists as to demands barred by the statute of limitations."

Various other instructions were asked, but those copied will be sufficient to explain the plaintiff's position in the case.

The defendant asked several instructions, which were refused, but those given were substantially these :

" 1st. If the defendant had a lien on the 31 shares and the dividends, then defendant cannot be deprived of his set-off by way of equitable relief by the three years statute of limitations."

"4th. After legal notice had been given, and three years had elapsed, the defendant cannot set up a counter-claim and ask for judgment against the estate in a suit by an administrator against defendant ; but if the bank had a cause of action against the intestate in his life time, then she may plead such cause of action by way of defense and equitable relief, notwithstanding the three years statute of limitations."

" 5th. The statutes pertaining to probating claims against estates are directory and remedial to those having demands against the estate, and if a person fails to comply with them, such person loses his remedy and right to prosecute such claims. But if the administrator, after the three years have elapsed, uses and pursues the general remedy for collecting demands against a person who had a just claim against his intestate in his life time, then the defendant may set off such cause of action against the administrator, by way of equitable relief."

" 9th. Where virtual demands exist, one of which might be set-off against the other, the statute of limitations should not be permitted to operate so as to extinguish one demand and leave the other in force."

Without undertaking to express any opinion in regard to the instructions in this case, it will be perceived that in all material respects the case is fully within the decision of Stiles vs. Smith (55 Mo., 363), and it is unnecessary to an affirmance of the judgment to do more than refer to this case, in the conclusions of which I fully concur.

Judgment affirmed. The other judges concur, except Judge Hough, who dissents.