## WARE, ADM'R, v. HOWLEY ET AL.

1. **Estates of Decedents:** CLAIM BARRED BY STATUTE STILL GOOD AS OFFSET: JURISDICTION. Though a claim against an estate is barred by the special statute of limitations, (Code, § 2421,) it may yet be set up as an offset in an action against the claimant upon a note made by him to the decedent, in any court where such suit is brought; but there can be no recovery in such case of any excess of the claim over the amount of the note.

*Appeal from Webster Circuit Court.*

THURSDAY, APRIL 22.

THE plaintiff is administrator of the estate of George Ware, deceased. This action was brought to recover $200, and interest, upon a promissory note made by the defendants, and payable to said George Ware or bearer. The defendants admitted the execution of the note, but they alleged that they did not owe anything thereon, and that when said note was executed to the decedent he was indebted to the defendants in the sum of $338, for which he had given his due-bill; and that it was verbally agreed between defendants and decedent, when the note was executed, that when the due-bill became payable the decedent should deliver the note to the plaintiffs, and that the amount thereof should be credited on the due-bill; and that the note should, in that manner, be canceled and paid; and they claimed that the note should now be applied upon and in payment of said due-bill. The plaintiff demurred to the answer. The demurrer was overruled, and plaintiff filed a reply. There was a trial to the court, and a judgment for the defendants for costs. Plaintiff appeals.

*White & Clark,* for appellant.

*M. D. O'Connell* and *J. P. Dolliver,* for appellees.

ROTHROCK, J.—The cause was submitted to the court upon the pleadings and an agreed statement of facts, without other evidence. The facts, therefore, are not in dispute, and they are as follows: George Ware, deceased, was, at the time of his death, a resident of Dallas county. He died on the sixth day of February, 1882; and on the thirteenth day of April, in the same year, the plaintiff was appointed administrator of the estate by the circuit court of Dallas county, and on the same day gave notice of his appointment; and the estate is in process of settlement in that court. The note in suit was executed by the defendants on November 23, 1881, and

due in one year. On the twelfth day of November, 1881, the deceased made and delivered to the defendants the following due-bill:

"LEHIGH, November 12, 1881.

"Due Phillip Howley, for board and washing for himself and wife, from September 5, 1880, to November 10, 1881, $338, to be paid first day June, 1882.

[Signed.]  "GEORGE WARE."

It will be observed that at the time the note was given the decedent was indebted to the defendants on the due-bill in a sum larger than the amount of the note, but the due-bill was not payable until June 1, 1882, and it bore no interest. When the note was given, Ware paid the defendants $200, and it was verbally agreed between the parties that when the due-bill became payable Ware should surrender the note to the defendants, and the amount of the note should be credited on the due-bill as a payment, and that the note should be paid and canceled in that way. Ware died before the due-bill became payable, and the note was not surrendered, and no credit given therefor. On the twenty-eighth day of February, 1883, the defendants filed a claim against said estate in the office of the clerk of the Dallas circuit court, which claim included the board and washing for which the due-bill was given. No notice of the filing of said claim was ever served upon the plaintiff, nor was the same ever allowed or proved as a claim against the estate. This action was commenced and the answer filed more than a year after the notice of administration was given.

The first proposition urged by counsel for appellant is that the terms of the note cannot be varied by parol evidence of a contemporaneous agreement. We do not find it necessary to determine the question whether the parol agreement made by the parties is within the rule contended for by counsel, because we think that the judgment of the circuit court may be sustained upon another ground, which we will now proceed to consider.

II. According to the facts above set forth, the decedent, in his life-time, held the note against the defendants, and the defendants held the due-bill against him. They were mutual demands, and if suit had been brought by either, the other could have set up the written obligation held by him as a counter-claim. The fact that one of the parties has died and his claim is presented by an administrator should make no difference in the rights of the other. *Lucore v. Cramer*, 22 Iowa, 387. The real indebtedness remains the same. It is the difference between the amounts of the respective obligations or debts from one to the other.

But the counsel for plaintiff claims that the defendants have lost their right to assert their claim as a defense, so far as necessary to offset the claim of the plaintiff, because they did not file and prove it as a claim against the estate within one year after notice of administration was given. They insist that defendants are barred of any relief by reason of the statute of limitations, as found in section 2421 of the Code. The point would be well taken if the defendants were asserting their due-bill as an independent claim against the estate, and demanding judgment. *Wilcox v. Jackson*, 51 Iowa, 296; *Brownell v. Williams*, 54 Id., 353; *Bayless v. Powers*, 62 Id., 601. But these cases do not hold that a party holding a money demand against an estate may not set it up as a counter-claim in a suit by an administrator on a money demand, and the defendants did not ask that the balance due on their due-bill be established as a claim against the estate. They demanded that it be set off against the note in an amount equal to the amount due on the note. If they had demanded more, the claim for the excess would, no doubt, have been disallowed. See *Brownell v. Williams, supra*.

In Wood's Limitation of Actions (section 188) it is said: "These special statutes of limitation do not apply to an offset, set up by a person who is sued by an administrator to recover a debt due from him to the estate. Thus, where an administrator sued a bank for money deposited by his testa-

tor, and for dividends on the stock of the bank owned by him, and the bank set up an offset thereto, to which the administrator objected on the ground that the claim was not presented to the probate court for allowance within the time prescribed by the statute, and consequently was barred, the court held that the objection was not well grounded, because the statute only contemplated cases where the creditor in the first instance brought his claim against the estate, and had no application to suits by the administrator against a creditor, where the demand of the latter was set up as a counter-claim, and in such a case the only statute that could be set up against the counter-claim or offset was the general statute of limitations. *Lay v. Mechanics' Bank*, 61 Mo., 72."

In our opinion, the defendants were not precluded from setting up the counter-claim by reason of the statute of limitations.

III. Lastly, it is urged that the defendants' counter-claim should not have been entertained, because the circuit court of Dallas county had exclusive jurisdiction of the settlement of the estate. As we have held that the defendants had the right to set up their due-bill as a defense to a recovery on the note, it would seem to follow that they could do so in any court having jurisdiction of a suit on the note. If they were seeking to establish it as an independent claim against the estate, and should select any other forum than that having jurisdiction of the settlement of the estate, the question would be quite different.

AFFIRMED.