[No. 150.  Decided May 28, 1891.]

### J. S. Cox v. I. R. Dawson.

ATTACHMENT — CLAIM NOT DUE — FRAUD MUST BE PROVED.

Under the statute (Laws 1885–6, p. 39, § 3) allowing attachment upon claims not yet due, when the debtor has fraudulently disposed of his property, the plaintiff must allege such fraudulent disposition in his complaint, and, in case of denial, prove the same upon the trial, in order to authorize a judgment in his favor.

*Appeal from Superior Court, Walla Walla County.*

Action in attachment by Dawson against Cox. The eleventh and twelfth counts of the complaint alleged that defendant executed to plaintiff's assignor certain notes, which were not due, but that nothing but time was wanting to fix an absolute indebtedness thereon, and that defendant had disposed of his property with intent to defraud his creditors. The answer denied that defendant had so disposed of his property. No evidence was offered in support of this allegation of fraud, and the court rendered judgment for the amount of the notes. Defendant appeals.

*Brents & Clark,* and *A. E. Isham,* for appellant.

*Cox, Teal & Minor,* and *B. L. & J. L. Sharpstein,* for appellee.

The opinion of the court was delivered by

Stiles, J. — We find no material error in the record, under any of the points urged, excepting the seventh. The fifteenth paragraph of the answer raised no issue; so that all of the amounts claimed stood confessed. The admission of the letter and the statement of indebtedness, if erroneous, was not materially so, as the assignments to Dawson were otherwise sufficiently proven. But the court erred in submitting the eleventh and twelfth causes of action to the jury.

The appellee, as owner and holder of two promissory notes which were not yet due, sought to include them in his suit against Cox upon his other ten causes, and to secure them by his attachment, in pursuance of § 3 of the act of February 3, 1886. (Laws 1885–6, p. 39.) He alleged fraudulent disposition of property in his complaint, and also in his affidavit for the attachment; but upon the trial he offered no proof of this allegation, and treated it as no longer material. The court took the same view, and rendered judgment for the amount of these notes, although the answer fully denies the fraud. The act referred to does not confer upon a creditor any new right of action, when it permits an attachment to secure an undue claim. Its effect is to make it the law of all contracts for future payment that, in case of conduct on the part of the debtor such as would tend to fraudulently jeopardize the safety of the debt, the creditor may commence his suit forthwith, and have an attachment as security *pendente lite*. By the first section of the act, attachments are issued only at the time of the commencement of the action, or afterwards. An action is commenced by the filing of a complaint and the issuance of a summons. Laws 1887–8, p. 24. In such cases, therefore, the attachment must be preceded by the filing of the complaint. But, unless the complaint shows the reason for its premature filing, it would be obnoxious to demurrer for want of facts. Therefore, the allegations in the affidavit for the attachment are necessary to the complaint also, and they continue to be material allegations at every stage of the case. They must be proved like any other fact to authorize judgment, as, unless they were true at the time the action was commenced, there was no jurisdiction for the premature suit and attachment, and the proceeding must fail. The judgment will be modified by deducting the amount of the six-months note of Honeyman, De Hart & Co. ($450), with interest thereon from October

24, 1889, to May 3, 1890; and by the amount of the note of Walter Bros. ($500), with interest thereon from December 5, 1889, to May 3, 1890, at 8 per cent. per annum; and by whatever sums may have been allowed by the court as costs or attorney's fees on account of said notes. When so modified, the remainder of the judgment will be affirmed. The cause is remanded to the superior court for modification in accordance with this opinion. Each party will pay his own costs of this appeal.

SCOTT, DUNBAR, and HOYT, JJ., concur.

ANDERS, C. J., not sitting.