[No. 5480. Decided September 20, 1905.]

THOMAS CARSTENS, *Appellant,* v. GEORGE MILO,
*Respondent.*[1]

ATTACHMENT — DEBT NOT DUE — PLEADINGS — COMPLAINT — DE-
MURRER — FAILURE TO ALLEGE FRAUDULENT DISPOSITION OF PROPERTY.
Upon attachment for a debt not due, permitted by Bal. Code, § 5352,
in certain cases, the complaint is demurrable, where it fails to allege
a fraudulent disposition of the defendant's property, as required by
said statute, and it is not aided by the statements of the affidavit for
attachment.

SAME—QUASHING WRIT—RIGHT TO AMEND COMPLAINT—FAILURE TO
OFFER AMENDMENT. The dismissal of an action, upon sustaining a
demurrer to the complaint and quashing a writ of attachment for
defects in the complaint, cannot be urged as error where plaintiffs
made no application to amend the defects, as authorized by Bal.
Code, § 5380.

Appeal from a judgment of the superior court for King
county, Griffin, J., entered May 4, 1904, upon sustaining
a demurrer to a complaint and quashing a writ of attach-
ment, dismissing an action upon open account. Affirmed.

*Kerr & McCord,* for appellant.

*Wooten & Welch,* for respondent.

DUNBAR, J.—This was an action brought by appellant
to recover on an open account for meat sold by appellant
to respondent, and inasmuch as the case went off on de-
murrer to the complaint and affidavit in support of an at-
tachment in the case, we will set them forth in substance
here. The complaint, leaving out the formal parts, was
as follows:

"(1) That the plaintiff, at the special instance and re-
quest of the defendant, sold and delivered to defendant mer-
chandise at the price and value of $333.39; that the said
merchandise was sold to defendant on and between the 20th
day of March and the 31st day of March, 1904.

1Reported in 82 Pac. 410.

"(2) That no part of said sum has been paid except the sum of $2.10, leaving a balance of $331.29, which the defendant owes to the above named plaintiff, and that nothing but time is wanting to fix an absolute indebtedness in the sum of $331.29."

The affidavit is as follows:

"C. M. Maxwell being first duly sworn on oath deposes and says, that the defendant named in the above ·entitled action, George Milo, is justly indebted to the plaintiff above named in the sum of $331.29, over and above all just credits and offsets; that the defendant above named has converted a part of his property into money for the purpose of placing it beyond the reach of his creditors, and is about to assign, secrete, and dispose of the balance of his property with the intent to delay, defraud and hinder his creditors, and that this attachment is not sought, and the above entitled action is not prosecuted, to hinder, delay, or defraud any creditors of the defendant; that nothing but time is wanting to fix an absolute indebtedness owing by the said George Milo to the plaintiff above named."

The defendant, respondent here, demurred to this complaint, and moved the court to quash and vacate the writ of attachment and garnishment for the reasons, that the complaint stated no facts authorizing the issuance of said writs, but does show on its face that this action and said writs were prematurely sued out and issued; that the affidavits in support of said writs contained no facts authorizing the issuance of the same, and do not change the complaint in the material facts necessary to authorize said writs; that the facts stated in the complaint in no way relate to or authorize said writs of attachment and garnishment. The defendant then denied the allegations of the affidavit and filed counter affidavits. Afterwards on the 2d day of May, 1904, the following order was made:

"On this day coming regularly to be heard the above entitled cause upon the demurrer of the defendant to the complaint herein, and his motion to quash, vacate and discharge the writs of attachment and garnishment hereinbefore issued

and served upon defendant and his property, and both plaintiff and defendant appearing by their attorney of record, and said demurrer and motions being fully presented to the court with accompanying affidavits and counter affidavits, and the court being fully advised as to the facts and having fully heard and considered the law of the case and the argument of counsel thereon, the court is of the opinion that the law of said demurrer and motion is with the defendant."

The judgment followed, dissolving the attachment and garnishment and dismissing the action. The order of the court seems to be somewhat mixed, inasmuch as it embraces both the law and the facts of the case, but we think a fair construction of it will warrant its treatment as a ruling on demurrer and motion to quash. It is the contention of the appellant that the court erred in sustaining the demurrer to the complaint and that the complaint was good, the argument of the respondent being that the complaint was faulty because it contained no allegation attempting to explain or show why the action was brought in advance of the maturity of the alleged indebtedness, and that the allegations of the affidavit cannot aid the complaint in this particular. It is evident that this complaint, if no writ of attachment had been asked for, would have been obnoxious to a demurrer. The only reason why a complaint can be sustained in advance of the maturity of the debt upon which the complaint is sued out, is the reason furnished by the statute, viz., to preserve the fruits of the judgment which may be obtained after the maturity of the debt. Bal. Code, § 5352, provides:

"An action may be commenced and the property of a debtor may be attached previous to the time when the debt becomes due, when nothing but time is wanting to fix an absolute indebtedness, and when the affidavit, in addition to that fact, states, (1) That the defendant is about to dispose of his property with intent to defraud his creditors; . . ."

It will be observed that not all of the reasons for granting an attachment when a debt becomes due warrant the issuance

of an attachment where the debt is not yet due; and the statute seems to contemplate that the complaint must show the reasons existing for the action before the action can be maintained.   It is no doubt true that, in the ordinary case of attachment where the debt sued upon is matured, the causes for which the attachment issues are not necessarily set out in the complaint, because in such a case an attachment may or may not be asked for.   The primary object in a case of that kind is the obtaining of the judgment.   But where the debt is not yet due, the primary object in bringing the suit is not to obtain a judgment which the plaintiff is not entitled to by reason of the debt not yet being due, but to secure a lien on the debtor's property which may be made to respond to the judgment when it can be rightfully obtained.

But, outside of any original reasoning on this proposition, this court held, in *Cox v. Dawson,* 2 Wash. 381, 26 Pac. 973, that, under the statute allowing attachment on claims not yet due when the debtor is fraudulently disposing of his property, the plaintiff must allege such fraudulent disposition in his complaint, and in case of denial, prove the same upon the trial in order to authorize a judgment in his favor, the court in that case saying:

"The act referred to [being the act which we have quoted] does not confer upon a creditor any new right of action, when it permits an attachment to secure an undue claim. Its effect is to make it the law of all contracts for future payment that, in case of conduct on the part of the debtor such as would tend to fraudulently jeopardize the safety of the debt, the creditor may commence his suit forthwith, and have an attachment as security *pendente lite.*   By the first section of the act, attachments are issued only at the time of the commencement of the action, or afterwards.   An action is commenced by the filing of a complaint and the issuance of a summons.   Laws 1887-8, page 24.   In such cases, therefore, the attachment must be preceded by the filing of the complaint.   But unless the complaint shows the reason for

its premature filing, it would be obnoxious to demurrer for want of facts. Therefore, the allegations in the affidavit for the attachment are necessary to the complaint also, and they continue to be material allegations at every stage of the case. They must be proved like any other fact to authorize judgment, as, unless they were true at the time the action was commenced, there was no jurisdiction for the premature suit and attachment, and the proceeding must fail."

We think the court did not err in sustaining the demurrer to the complaint, and the complaint failing, of course the writ of attachment was properly dissolved.

It is contended, however, that, under the liberal provisions of Bal. Code, § 5380—which is to the effect that the chapter on attachments shall be liberally construed, and that plaintiff, at any time when objection is made thereto, shall be permitted to amend any defect in the complaint, affidavit, bond, writ, or other proceeding, and that no attachment shall be quashed or dismissed or the property attached released, if the defect in any of the proceedings has been or can be amended so as to show that a legal cause for the attachment existed at the time it was issued, and the court shall give the plaintiff a reasonable time to perfect such defective proceedings—the court erred in not allowing the plaintiff to amend his complaint. It is stated in the brief of appellant that, notwithstanding the argument and protest of appellant, the court failed and refused to allow and fix a reasonable time for appellant to cure any defect by amendments as provided in the foregoing section. If this statement were borne out by the record, it would undoubtedly have been error on the part of the court to have dismissed the action. But an examination of the record in this case fails to show any application .or motion of any kind on the part of the appellant to amend his pleadings, and the statute must be construed, of course, with reference to an application to amend. There having been no amendments offered, this

court must presume that the appellant stood on its pleadings as they were originally filed.

No error appearing, the judgment will be affirmed.

MOUNT, C. J., ROOT, FULLERTON, HADLEY, CROW, and RUDKIN, JJ., concur.