[No. 5913. Decided March 29, 1906.]

GEORGE P. FISHBURNE, *substituted for Eric Edw. Rosling,*
*Administrator etc., Appellant,* v. MERCHANTS BANK
OF PORT TOWNSEND, *Respondent.*[1]

PLEADING—TRIAL—MOTION FOR JUDGMENT ON PLEADINGS—ADMISSIONS. Where defendant moves for judgment on the pleadings, and the plaintiff makes no application to amend, the motion has the effect of admitting all the allegations of the complaint and the reply considered together, notwithstanding the denials of the answer; and if no cause of action is stated, a trial of the issues raised by the denials of the answer is unnecessary.

EXECUTORS AND ADMINISTRATORS—ACTIONS—SET-OFF AND COUNTER-CLAIM—PRESENTATION OF CLAIM. Under Pierce's Code, § 1093, in an action by an executor or administrator, a demand against the deceased, belonging to the defendant at the time of the death of plaintiff's decedent, may be offset without the defendant's having presented any claim therefor against the estate; but he is limited to the extinguishment of the debt if no claim has been presented against the estate.

SAME—NOTE OF DECEASED NOT DUE AT DATE OF DEATH. In an action by an administrator to recover of a bank the amount of deposit belonging to the deceased, the bank may offset a note belonging to it at the time of the death of the deceased, which matured after such death, but before the commencement of the action, under Pierce's Code, §§ 380, 1091, and 1093.

Appeal from a judgment of the superior court for Jefferson county, Hatch, J., entered July 8, 1905, upon the pleadings upon the motion of the defendant, in an action to recover a deposit in a bank. Affirmed.

*Eric Edw. Rosling,* for appellant.

*A. W. Buddress,* for respondent.

HADLEY, J.—The plaintiff and appellant, administrator in this cause, having died pending the appeal, and it having been made to appear to this court that George P. Fishburne has been appointed to succeed the deceased administrator,

1Reported in 85 Pac. 38.

it is, now, on stipulation of the parties, ordered that said George P. Fishburne, as such administrator, shall be, and he is hereby, substituted as party plaintiff and appellant herein.

The action was brought to recover the balance of a deposit in the defendant bank, alleged to have been due and owing to William H. Fiske, now deceased, at the time of his death. The complaint alleges that said Fiske died September 26, 1901, and facts concerning the appointment and qualification of the original plaintiff as administrator are also alleged. It is also averred that, at the time of his death, the said Fiske had on deposit with the defendant, a banking corporation, the sum of $312.55, which amount was placed to his credit upon the defendant's books, and that the defendant refuses to pay said sum or any part thereof, although demand has been made therefor. Judgment is demanded for the full amount with interest.

The defendant answered the complaint, and interposed certain affirmative defenses, among which were averments charging the deceased with having fraudulently sold to the defendant fifty-three certain negotiable instruments for the payment of money; that the deceased was in possession of said instruments before their maturity, and that they were payable to the order of F. Chevalier & Company, whose indorsement was unlawfully forged upon the instruments by the deceased, for the purpose of deceiving and defrauding the defendant; that thereby the defendant was induced to purchase said negotiable instruments for the aggregate sum of $13,094.26, and gave the deceased credit upon its books for said sum; but that, by reason of the premises, the credit so given was false and untrue; and that there is not now, and never has been, any money due or owing to the deceased from the defendant; that before the deceased departed this life, he drew out of defendant's bank, by reason of said fraudulent acts and credit, the sum of $12,781.71, leaving a balance of $312.55 of said false and fraudulent credit; that

plaintiff's complaint is wholly founded upon, and is brought to recover upon, said false credit, and not otherwise; that immediately after the deceased departed this life, and not before that time, the defendant discovered said false and fraudulent acts and representations; that the true owner of said instruments reclaimed and recovered them from the defendant, the defendant being obliged to surrender them all, and that it thereby lost the use and value thereof.

The plaintiff replied with denials, and affirmatively alleged, among other things, that on or about September 18, 1901, the said deceased borrowed from the defendant, upon his personal note of that date, and maturing November 17, 1901, the sum of $333.31, which amount was by defendant placed to the credit of the deceased upon its books; that said note, at the time of the death of Fiske, had not matured, and that thereafter, about March 31, 1902, the defendant wrongfully and without the knowledge or authority of plaintiff, applied upon said note the balance due the deceased at the time of his death, to wit, $312.55.

With the pleadings standing thus, but containing also other averments which we have not thought it is material to mention, the defendant moved for judgment upon the pleadings in its favor. The motion was granted, and judgment was entered dismissing the action and awarding costs to the defendant. The plaintiff has appealed.

It is assigned that the court erred in entering judgment for respondent upon the pleadings. It is argued that the denials in the pleadings of the respective parties made issues which should have been tried. The motion of respondent, however, had the effect of admitting all the allegations of the complaint and of the affirmative averments of the reply, considered together. With such admission, there was no necessity for any proof upon the part of appellant, since if a challenge to the sufficiency of his allegations developed that he was not entitled to recover, a challenge to the evidence in support thereof would have led to the same result. The

record does not disclose any application on the part of appellant for leave to amend his pleadings. The supreme court of California, in *Kelley v. Kriess,* 68 Cal. 210, 9 Pac. 129, pertinently said:

"If plaintiff has a good cause of action, which by accident or mistake he has failed to set out in his complaint, the court, on motion for judgment on the pleadings, should, on his application so to do, permit him to amend; but failing to make such application, there can be no good reason for proceeding to trial, in a cause where, admitting all the facts charged as true, the plaintiff is still not entitled to a judgment."

No application to amend being disclosed, it must be presumed here that the appellant stood on his pleadings as they were originally filed. *Carstens v. Milo,* 40 Wash. 335, 82 Pac. 410; *Noerdlinger v. Huff,* 31 Wash. 360, 72 Pac. 73.

Since all the allegations of the complaint, and all those of the affirmative reply, are admitted to be true, the question is, does appellant show thereby that he is entitled to recover? He sues to recover an alleged balance of $312.55 deposit in respondent's bank, which he says was due the deceased. The respondent sets up a counterclaim by way of fifty drafts and three promissory notes, amounting to $13,094.26. Appellant then replies, in one breath denying everything, and in the next breath admitting that there is due and owing to the bank the sum of $333.31, which the deceased borrowed from the bank on his personal note, and which is described in respondent's answer. It being thus admitted by appellant that the deceased was indebted to the bank in a sum greater than the amount of the alleged credit sued upon, it remains to be determined if the debt can be offset to the extent of the credit. Under appellant's allegations, the money which he seeks to recover is the same which the deceased borrowed on his personal note, and which was, by reason of the note, placed to his credit in the bank. He first urges that respondent is not entitled to interpose the note to the extent of extinguishing the credit sued upon, for the reason that he did not present

to the administrator any claim founded upon the note within one year from the publication of notice to creditors. This is, however, an action brought by an administrator, asserting a demand in favor of an estate. In such case Pierce's Code, § 1093, provides as follows:

"In actions brought by executors and administrators, demands against their testators and intestates, and belonging to defendant at the time of their death, may be set off by the defendant in the same manner as if the action had been brought by and in the name of the deceased."

It will be seen that the above statute expressly authorizes a set-off to be interposed by the defendant in an action brought by an executor or administrator, and it does not require that such set-off claim shall be first presented to the executor or administrator. We do not think that other provisions of the code, when considered in connection with the above, can be said to contemplate such presentation when the set-off is merely pleaded to the extent of extinguishing the amount sought to be recovered by the executor or administrator. Speaking of the special statutes of limitation requiring the presentation of claims to executors or administrators, Wood, on Limitations (3d ed.), concludes § 188 as follows:

"These special statutes of limitation do not apply to an off-set set up by a person who is sued by an administrator to recover a debt due from him to the estate."

The only case cited under the above text is *Lay v. Mechanics Bank*, 61 Mo. 72. The case is directly in point. It has, however, been frequently so held, and to the general effect that, while under such special statutes one must present his claim within the prescribed time before he may assert his right to recover in an action brought by him against the estate, yet he is not required to so present it before interposing it as a set-off or counterclaim in an action brought against him by the administrator upon a money demand. He is, however, limited to the extinguishment of the demand made against him, and is not entitled to judgment over against

the estate for any excess. *Ware v. Howley,* 68 Iowa 633, 27 N. W. 789; *Mitchell v. Rucker,* 22 Texas 67; *Murphy v. Colton,* 4 Okl. 181, 44 Pac. 208; *Millet & Co. v. Watkins' Adm'r,* 67 Ky. 642; *Talty v. Torling,* 79 Minn. 386, 82 N. W. 632. Some decisions are to the contrary effect, but some of them are based upon statutes which expressly provide that claims may not be interposed by way of set-off or counterclaim, unless presented within the statutory limit. But whatever may be the reasoning of such decisions, we think, under our statute, that this court should follow the decisions above cited.

It is next contended by appellant that respondent is not entitled to interpose the note as a set-off or counterclaim, for the reason that it did not mature until after the death of Fiske, the maker. It had matured, however, before appellant brought his action. Under our statute a counterclaim may be interposed as follows: "In an action arising on contract, any other cause of action arising also on contract and existing at the commencement of the action." Pierce's Code, § 380, subd. 2. Again, Pierce's Code, § 1091, provides as follows:

"The defendant in a civil action upon a contract express or implied may set off any demand of a like nature against the plaintiff in interest, which existed and belonged to him at the time of the commencement of the suit."

Pierce's Code, § 1093, hereinbefore quoted in full, we have also seen provides that in actions brought by executors or administrators, a set-off may be interposed by the defendant "in the same manner as if the action had been brought by and in the name of the deceased," it being expressly stated that the set-off may be so interposed if the demand belonged to the defendant at the time of the death of the testator or intestate. Considering all these provisions together, we think the respondent had the right to interpose the note as a set-off, inasmuch as it had matured before the commencement of the action. It was so held under similar statutes in *Ainsworth*

v. *Bank of Califronia,* 119 Cal. 470, 51 Pac. 952. That case is directly in point, and the facts involved were almost identical with those at bar. The defendant bank held the note of the deceased for a sum greater than the amount to his credit on deposit at the time of his death. The note matured after the death and after its maturity the executrix brought suit against the bank to recover the amount of the balance of the deposit. In a well-considered opinion, it was held that the bank could interpose the note by way of counterclaim inasmuch as it was due before the commencement of the action. The California statute quoted in the opinion is exactly the same as our own. Section 380, subd. 2, *supra.* We think the decision was manifestly correct, and our statute being the same, it should be so held here. We therefore find it unnecessary to discuss the decisions cited by appellant, some of which at least are based upon somewhat different statutes.

For the foregoing reasons, we think appellant's pleadings, the complaint and reply, taken together, do not state a ground for recovery, and that the judgment for respondent upon the pleadings was proper.

It is therefore affirmed.

MOUNT, C. J., FULLERTON, CROW, ROOT, and DUNBAR, JJ., concur.