[No. 11151.  Department One.  December 5, 1913.]

MAGNA N. JOHNSON, *Respondent*, v. FRED MUENZ,
*Appellant*.[1]

ATTACHMENT—IMMATURE DEBT—COMPLAINT—SUFFICIENCY.  A complaint for an attachment upon an immature debt must show on its face the reasons authorizing its premature filing, under Rem. & Bal. Code, § 649, or it is obnoxious to a demurrer for want of sufficient facts.

APPEAL—REVIEW—INTERLOCUTORY ORDERS — SUFFICIENCY OF COMPLAINT.  An appeal from an order refusing to dissolve an attachment, being from an interlocutory order, only brings up for review error going to the merit of the particular question; hence error in overruling a demurrer to a complaint which is capable of amendment, will be considered only on appeal from the final judgment.

Appeal from an order of the superior court for King county, Mackintosh, J., entered January 11, 1913, overruling a demurrer to the complaint and refusing to dissolve an attachment, in an action on contract.  Affirmed.

*F. B. Carpenter*, for appellant.

*Daniel Landon*, for respondent.

CHADWICK, J.—Plaintiff brought this action against defendant to recover upon an immature debt, and sued out a writ of attachment.

The complaint does not state any of the facts necessary to be shown under Rem. & Bal. Code, § 649 (P. C. 81 § 417). The affidavit for the attachment was in proper form, alleging that the defendant was about to remove from the state, that he refused to make any arrangement for securing the payment of the debt when it falls due, and that such contemplated removal was not known to the plaintiff at the time the debt was contracted.

Defendant demurred to the complaint upon the grounds that the complaint does not state facts sufficient to consti-

[1]Reported in 137 Pac. 126.

tute a cause of action, and moved for a dissolution of the attachment. The demurrer to the complaint was overruled, and after a hearing upon affidavits submitted by both parties, an order refusing to dissolve the attachment was entered. Notice of an appeal from the order overruling the demurrer and from the order refusing to dissolve the attachment was given in open court.

This court has held, as often as the question has been submitted to it, that a complaint, filed under our attachment law, which does not show upon its face the reasons for its premature filing, is obnoxious to a demurrer for the want of facts. *Cox v. Dawson*, 2 Wash. 381, 26 Pac. 973; *Augir v. Foresman*, 23 Wash. 595, 63 Pac. 201; *Carstens v. Milo*, 40 Wash. 335, 82 Pac. 410. Tested by these cases, the complaint before us does not state facts sufficient to constitute a cause of action.

It does not follow, however, that the order refusing to dissolve the attachment must be reversed. An appeal from an order dissolving or refusing to dissolve an attachment is an appeal from an interlocutory order, and is permissible only in virtue of the statute; and an appellate court will not, in such cases, ordinarily review any alleged error that does not go to the merit of the particular question or issue raised on the appeal. The governing principle is well stated in *Belding v. Washington Cornice Co.*, 36 Wash. 549, 79 Pac. 37. In that case, an appeal was prosecuted from an order overruling a demurrer to the complaint and from an order appointing a temporary receiver. The court said:

"That a complaint does not state facts sufficient to constitute a cause of action can, of course, be urged as a ground for reversing an order appointing a temporary receiver; but, to be effective, it must be shown that the complaint not only fails to state a cause of action, but that it is so far incapable of amendment that no action at all can be maintained for the cause stated. That it is merely defective, and subject to demurrer on such ground, is not sufficient; it must appear that the complainant has no cause of action whatso-

ever, and that the only order that can be entered is a dismissal of the action, before it will have that effect. The complaint here does not present such a case. An action will·lie for the causes stated in the complaint, and, if the complaint is defective in any particular, it can only be reviewed on appeal from the final judgment."

It will thus be seen that the time to test an order of the court overruling a demurrer to the complaint would be when the case is before us upon an appeal from a final judgment. The logic of the decision just cited and quoted from is that, upon appeal from an interlocutory order, when the insufficiency of the complaint is urged, we will not look to the complaint further than to ascertain whether the complaint is capable of amendment. If it is, it will be passed until properly before us. If it is not, we will order the action dismissed.

Passing to the merits of the appeal, we have read the record and are unable to say that the trial judge erred in refusing to dissolve the attachment. The evidence is decidedly conflicting, with a possible preponderance in favor of the plaintiff.

Affirmed.

CROW, C. J., GOSE, ELLIS, and MAIN, JJ., concur.