[No. 15977.   Department Two.   November 29, 1920.]

HIRAM C. GREEN, *Respondent*, v. GEORGIA A. HARRIS, as *Administratrix et al., Appellants.*[1]

EXECUTORS AND ADMINISTRATORS (146)—ACTIONS—SET-OFF AND COUNTERCLAIM—PRESENTMENT OF CLAIM. Where an executrix pleaded a counterclaim and sought affirmative relief in an action to foreclose a mortgage executed by decedent, the plaintiff may in reply plead an offset to the counterclaim, without having presented any claim therefor against the estate, where no affirmative judgment on the items was sought.

SET-OFF AND COUNTERCLAIM (2)—ACTIONS IN WHICH AVAILABLE—SET-OFF AGAINST COUNTERCLAIM—CONNECTION WITH COMPLAINT. In an action to foreclose a mortgage in which a counterclaim is interposed for advances and work done subsequent to the execution of the mortgage, plaintiff may plead an offset to the counterclaim, although it is not connected with the demand stated in the complaint.

SAME (1)—NATURE OF REMEDY—PAYMENT. The fact that cross-demands cannot operate as payment without express assent of both parties does not prevent the demand of one to be offset against the other.

Appeal from a judgment of the superior court for King county, Back, J., entered March 13, 1920, foreclosing a mortgage, tried to the court. Affirmed.

*C. T. Hardinger,* for appellants.

*Mackinnon & Schooley,* for respondent.

MAIN, J.—The purpose of this action was to foreclose a real estate mortgage. The principal defendant was Georgia A. Harris, made a party in her individual capacity as well as the duly qualified administratrix of the estate of William H. Harris, deceased, who was her husband. The other defendant disclaimed all interest in the controversy. The action will be treated as though Mrs. Harris, in the two capacities mentioned, was the only party defendant.

[1]Reported in 193 Pac. 690.

In answer, Mrs. Harris denied that she had executed the mortgage, and pleaded a number of affirmative defenses, one of which was a counterclaim. To the counterclaim, the plaintiff by reply pleaded an offset. The trial court allowed the counterclaim in the sum of $39.51 in excess of the items which it sustained in the offset, and this sum was credited upon the notes secured by the mortgage. The judgment of foreclosure was for the balance due. From this judgment, Mrs. Harris appeals.

In January, 1915, the respondent agreed to sell to Mr. Harris lot 15, in block 2, Hazelwood, in King county, and furnish lumber for the construction thereon of a small store building. After the building was erected, two mortgages were given covering the lot and the building. One for $350, which was the first mortgage, was made to a Mr. Yoakum. The second mortgage, for the sum of $350, was made to the respondent. The present action is to foreclose the second mortgage.

From the time the building was erected upon the lot until the date of his death, September 2, 1917, Mr. Harris conducted a hardware business therein. The counterclaim pleaded was for items of merchandise furnished the respondent and labor performed for him. The offset pleaded against the counterclaim was for work performed, materials furnished, and money advanced to Mr. Harris subsequent to the execution of the mortgage. The court found the balance due upon the notes secured by the mortgage to be the sum of $417.64, including both principal and interest, and foreclosure was directed for this sum.

The appellant presents some questions of fact as well as questions relating to the introduction of evidence. Without reviewing these in detail, it may be

said that, after a careful examination of the evidence, we sustain the view of the trial court as to the facts and the rulings upon the admission and rejection of evidence.

The first question of law to be considered is whether, in view of the fact that the items covered by the offset pleaded in the reply has not been embodied in and presented as a claim against the estate of Mr. Harris, deceased, they could properly be pleaded as an offset. No affirmative judgment was allowed on these items, but they were used only for the purpose of overcoming the appellant's counterclaim to the extent to which they were allowed. The rule is that, in an action brought by an executor or administrator, a demand against the estate may be offset against the plaintiff's demand without a claim having been first presented therefor. *Fishburne v. Merchants' Bank of Port Townsend,* 42 Wash. 473, 85 Pac. 38, 7 Ann. Cas. 848; *Nelson v. Western Steam Nav. Co.,* 52 Wash. 177, 100 Pac. 325.

The appellant argues that these cases are not applicable because this was an action not brought by the executor or administrator. This contention, however, overlooks the fact that the appellant denied the execution of the mortgage and pleaded a counterclaim upon which she sought affirmative relief. The respondent's offset was to meet this demand. Cases which hold that an action cannot be brought against an estate upon a claim unless it is presented within the time and in the manner prescribed by the statute are not in point upon this question.

It is also objected that the offset should not be considered because pleaded in reply. In this connection, the rule is invoked which will not permit matters to be pleaded as an offset to a counterclaim in the answer

which should have been included as a part of the plaintiff's demand in the complaint. The reason of the rule is that a party will not be permitted to split his demand and, when a plea of set-off is made to so much of his claim as he has preferred to sue upon, set up the balance in the way of offset as a defense to the offset in the answer. This rule, however, we think, should not be applied in the present case. By the complaint it was sought to foreclose a real estate mortgage. To this a counterclaim was pleaded in the answer. It would be a harsh rule which would deny the right of a plaintiff to, in reply, plead items as an offset to the counterclaim which were in no way connected with the demand stated in the complaint.

The appellant invokes the rule that cross-demands existing between two parties cannot operate or be treated as payment with regard to each other without the express assent of both parties. As we view the case, this rule is not applicable to the facts. Even though cross-demands cannot be treated as payment without the express assent of both parties, this does not mean that the demand of one may not be offset against the other.

The judgment will be affirmed.

HOLCOMB, C. J., MOUNT, MITCHELL, and TOLMAN, JJ., concur.